IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D.T. and S.K.T.,
individually and on behalf of
L.C.T., a minor,

      Plaintiffs,

    vs.                                          CIV. No. 98-0307 JP/LCS

STATE BOARD OF EDUCATION
FOR THE STATE OF NEW MEXICO,
GADSDEN INDEPENDENT SCHOOL DISTRICT,
COBRE CONSOLIDATED SCHOOLS,
DEPARTMENT OF EDUCATION
FOR THE STATE OF NEW MEXICO,
STANLEY W. SMITH,
Assistant Superintendent of
GADSDEN INDEPENDENT SCHOOL DISTRICT,
ISELA JAQUEZ, Principal of
La Union Elementary School,
DR. HARRELL L. HOLDER, Superintendent of
COBRE CONSOLIDATED SCHOOLS, and
EVANGELINE HERRERA, Principal of
Hurley Glenn School,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On June 1, 1998 the State Board of Education for the State of New Mexico and the Department of Education for the State of New Mexico filed their "Motion to Dismiss" [Doc. No. 16].

On March 16, 1998 Plaintiffs filed a complaint against the State Board of Education and the Department of Education ("State Defendants") and numerous other Defendants, alleging violation of due process and denial of equal protection under 42 U.S.C. § 1983, violation of 20 U.S.C. § 1681 (Title IX), and tort claims for negligence and prima facie tort.  Plaintiffs also seek

injunctive relief under 42 U.S.C. § 1983 and Title IX.  The complaint arises out of an alleged sexual relationship between a teacher employed by the Gadsden Independent School District and one of the Plaintiffs, who was a student.

Counts I and II of the complaint allege that the State Defendants violated Plaintiffs' Fourteenth Amendment rights to equal protection and due process under 42 U.S.C. § 1983 by refusing to promulgate and enforce policies requiring local educational agencies to report allegations of sexual harassment and abuse to the board.  It is not in dispute that the State Defendants are state agencies created by Art. XII § 6 of the New Mexico Constitution.  Because the State Defendants are state agencies, they are entitled to Eleventh Amendment immunity unless Congress has clearly waived the immunity through legislation.  *See Quern v. Jordan*, 440 U.S. 332 (1979).

Plaintiffs assert that Congress waived immunity for Title IX actions through the passage of 42 U.S.C. § 2000d-7 and consequently also waived immunity for section 1983 actions that are predicated on Title IX.  However, regardless of whether or not Congress waived Eleventh Amendment immunity for Title IX claims or whether section 1983 actions can be predicated on Title IX, the State Defendants correctly state that they are not "persons" for purposes of section 1983 actions.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the section 1983 claims against the State Defendants (Counts I and II) should be dismissed with prejudice.

In Count III of the complaint, Plaintiffs allege that the State Defendants violated Title IX by failing to institute a policy that would require incidents of sexual harassment to be reported. The Supreme Court recently held that a school board or district cannot be liable for violating Title IX unless an official with authority to take corrective action on behalf of the board actually knew

of the sexual harassment problem and failed to take action.  *See Gebser v. Lago Vista Independent School District*, No. 96-1866, 1998 WL 323555 at *11 (U.S. June 22, 1998) .  Although the Defendant in *Gebser* was a school district, the court implied that its ruling applied to any state entity that could be held liable under Title IX. Therefore, even if Congress has waived Eleventh Amendment immunity for purposes of Title IX actions, the State Defendants cannot be held liable unless they were aware of the sexual harassment and failed to act.  Plaintiffs have not alleged sufficient facts to show that the State Defendants knew of the sexual harassment involved in this case.  In light of *Gebser*, Plaintiff's Title IX claim against the State Defendants (Count III) should be dismissed without prejudice.   However, Plaintiffs should be granted leave to amend the complaint to allege that the State Defendants knew of the sexual harassment problem and failed to take remedial action if Plaintiffs can do so consistent with Rule 11.

Count IV of the complaint seeks injunctive relief  under 42 U.S.C. § 1983 and Title IX to require the State Defendants to implement a policy for the reporting of alleged incidents of sexual harassment by teachers.  Defendants state that the Plaintiffs lack standing to request injunctive relief.  In order for a Plaintiff to have standing under Article III of the United States Constitution, he or she must show 1) that he or she personally has suffered actual or threatened injury as result of the Defendant's allegedly illegal conduct, 2) that the injury can be traced fairly to the Defendant's challenged action and 3) that the injury is likely to be redressed by a favorable decision.  *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc*., 454 U.S. 464, 472 (1982).   In cases involving a request for injunctive relief, a Plaintiff also must also show that there is a good chance that he or she is likely to be injured in the future.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).  The threat of future injury must be "real and immediate," not "conjectural" or "hypothetical."  *See City of Los Angeles v. Lyons*, 461 U.S.

95 (1983). The facts alleged in the complaint do not indicate that these Plaintiffs are threatened by a real and immediate injury. While it is unfortunate that sexual abuse may have occurred in the past, the facts alleged do not show that the Plaintiffs are currently in danger, or that abuse is likely to occur in the future. Consequently, Plaintiffs lack standing to request an injunction against the State Defendants and Count IV of the complaint should be dismissed with prejudice.

In Counts V and VI of the complaint, Plaintiffs assert tort claims against the State Defendants for negligence and prima facie tort. If Plaintiffs are not able to amend their complaint to state a cognizable Title IX claim against the State Defendants, their tort claims will be dismissed without prejudice under 28 U.S.C. § 1367. A state court should try its own lawsuits absent compelling reasons to the contrary. *See Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th.Cir. 1990).

IT IS THEREFORE ORDERED that:

(1) Counts I and II of the complaint against the State Defendants are DISMISSED with prejudice;

(2) Count III of the complaint against the State Defendants is DISMISSED without prejudice but Plaintiffs may file an amended complaint in accordance with this Memorandum Opinion and Order, by August 10, 1998; and

(3) Count IV of the complaint against the State Defendants is DISMISSED with prejudice.

*James A. Parker*
UNITED STATES DISTRICT JUDGE